**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAUDE TOWNSEND, JR., <br><br> Plaintiff, <br><br> v. <br><br> NEW JERSEY TRANSIT, <br><br> Defendant. | Civil Action No. 22-540 (MAS) (DEA) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant New Jersey Transit's ("NJ Transit") Motion to Dismiss pro se Plaintiff Claude Townsend, Jr.'s ("Townsend") Amended Complaint (the "Motion"). (ECF No. 7.) Townsend opposed (ECF No. 9) and NJ Transit replied (ECF No. 10). The Court has carefully reviewed the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants NJ Transit's Motion.

**I.   BACKGROUND**

On the surface, this is a case regarding workers' compensation-related claims. But even slightly scratching the gilded surface reveals that this is a case about Townsend's abuse of process in attempting to litigate the same claims in multiple forums for over a decade. While the Court liberally construes Townsend's Amended Complaint and accepts all well-pleaded facts as true, the Court does not turn a blind eye to the procedural history leading up to this case. *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (explaining that at this stage, courts are

required to accept all well-pleaded allegations as true (citing *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002))).

In January 2008, Townsend was involved in a vehicular accident while working for NJ Transit. (Pl.'s Opp'n Br., ECF No. 9.)[1] Townsend alleges that after fourteen years of working for NJ Transit, NJ Transit wrongfully terminated him, retaliated against him, and discriminated against him after he sustained these work-related injuries and pursued a corresponding workers' compensation claim. (Am. Compl. ¶ 7, ECF No. 5; Pl.'s Opp'n Br. 1-2.) The crux of Townsend's claims seems to be as follows:

> NJ Transit has granted all White employees [w]orkers['] [c]ompensation such as Barbara Zimmerman, Marty Zimmerman, Peter, and Gary. All Black employees did not receive [w]orkers' [c]ompensation due to NJ Transit[']s discriminatory practices. I[,] as an American Indian[,] was also discriminated [against] by NJ Transit, wrongfully terminated, and retaliated against just because I filed for a [w]orkers['] [c]ompensation claim.

(Am. Compl. ¶ 12.) Townsend now brings this action under (1) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et. seq.*; (2) the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 701; (3) the Social Security Act, 42 U.S.C. § 7; (4) the Civil Rights Restoration Act of 1987, Pub. L. No. 100-259, 102 Stat. 28, § 4 (1988); and (5) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17. (*Id.* ¶ 1; Pl.'s Opp'n Br. 1.)[2] Construing the Amended Complaint

---

[1] Townsend's Amended Complaint does not allege facts about this accident or the circumstances surrounding it, yet his Opposition Brief to the Motion contains such additional facts. (*See generally* Am. Compl.; Pl.'s Opp'n Br. 1.) Given Townsend's pro se status, the Court considers these additional facts as part of Townsend's initial pleading.

[2] Although Townsend does not allege the Civil Rights Act of 1964 as a cause of action in his Amended Complaint, he does do so in his Opposition Brief to the Motion. (*See generally* Am. Compl.; Pl.'s Opp'n Br. 1.) Given Townsend's pro se status, the Court includes the Civil Rights Act of 1964 as a cause of action based on a broad reading of his Amended Complaint's factual allegations.

in Townsend's favor, Townsend also generally alleges claims for discrimination, defamation, and intentional infliction of emotional distress. (*See generally* Am. Compl.)

As previewed, the Court has seen this film before. The Honorable Garrett E. Brown, former Chief U.S. District Judge, first addressed and dismissed, in part with prejudice, Townsend's similar grievances in 2010 for his failure to state a claim. *See Townsend v. N.J. Transit & Amalgamated Transit Union*, No. 09-1832, 2010 WL 3883304, at *1 (D.N.J. Sept. 27, 2010) ("*Townsend I*"). Around this same time, on the basis of *Younger* abstention, Judge Brown dismissed Townsend's similar claims against multiple defendants; these defendants originally included NJ Transit before the Court dismissed the entity after Townsend failed to name NJ Transit in his amended complaint. *Townsend v. Calderone*, No. 09-3303, 2010 WL 1999588, at *1, n.1 (D.N.J. May 18, 2010) ("*Townsend II*") (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Shortly after Judge Brown's ruling in *Townsend II*, Townsend decided to voluntarily dismiss yet another complaint he had filed against NJ Transit. *See generally Townsend v. N.J. Transit*, No. 09-6052 (D.N.J. June 17, 2010), ECF No. 10 ("*Townsend III*"). Townsend next filed a complaint against NJ Transit and others, including the Department of Labor and Workforce Development Workers' Compensation; but this case was administratively terminated after the U.S. Court of Appeals for the Third Circuit ("Third Circuit") vacated and remanded an order by Judge Brown initially denying Townsend leave to proceed *in forma pauperis*. *See Townsend v. N.J. Transit*, No. 10-1136, 2010 WL 4038833, at *1 (D.N.J. Oct. 13, 2010), *vacated by Townsend v. Calderone*, 396 F. App'x 787, 788 (3d Cir. 2010) ("*Townsend IV*").[3]

---

[3] In doing so, the Third Circuit expressed "no opinion" as to Judge Brown's order in *Townsend IV* that once more, dismissed Townsend's claims on collateral estoppel grounds. *Id.*

As the years passed, Townsend's litigation continued to grow new branches on the same tree of grievances. For example, in 2012, the Honorable Peter G. Sheridan, U.S.D.J., dismissed with prejudice Townsend's same claims, finding them barred by *res judicata* and claim preclusion due to their identical nature to the claims brought in *Townsend I*; this time, the Third Circuit upheld the district court's decision. *See Townsend v. N.J. Transit*, No. 11-6492, 2012 WL 3929391, at *1 (D.N.J. Sept. 7, 2012), *aff'd sub nom. Townsend v. N.J. Transit*, 516 F. App'x 110 (3d Cir. 2013) ("*Townsend V*"). So concluded Townsend's federal court saga with respect to this matter, until now.

Running parallel to his attempts in federal court, Townsend pursued his workers' compensation claims in the workers' compensation court and in state court. In February 2022, the New Jersey Superior Court Appellate Division dismissed Townsend's third attempt to relitigate his claims in state court. *Townsend v. N.J. Transit*, No. 559-20, 2022 WL 301829, at *2 (N.J. Super. Ct. App. Div. Feb. 2, 2022) ("Here, Townsend has already unsuccessfully litigated the issue of whether he is eligible for workers' compensation benefits multiple times before the [Workers' Compensation Court] and the Appellate Division. He is not entitled to another bite of the apple at this late date.").

Presumably, in light of this most recent unobtained "bite of the apple," Townsend now brings the instant action, which NJ Transit moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See* Def.'s Moving Br. 1, ECF No. 7.) Among other arguments,

NJ Transit contends that collateral estoppel and *res judicata* require dismissal of the immediate action. (*Id.*)[4]

## II.  LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker*, 292 F.3d at 374 n.7). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Importantly, on a Rule 12(b)(6) motion to dismiss, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

---

[4] Among other arguments, NJ Transit seeks dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1), contending that the Court lacks jurisdiction to hear the instant case because NJ Transit is entitled to Eleventh Amendment immunity. (Def.'s Moving Br. 14; *see* Fed. R. Civ. P. 12(b)(1).) "Because dismissal on *res judicata* grounds does not require us to reach the merits . . . we need not resolve the jurisdictional issue." *Graboff v. Am. Ass'n of Orthopaedic Surgeons*, 559 F. App'x 191, 193 n.2 (3d Cir. 2014) (internal citation and quotation omitted).

"*Res judicata* encompasses two preclusion concepts—issue preclusion, which forecloses litigation of a litigated and decided matter, and claim preclusion (often referred to as direct or collateral estoppel), which disallows litigation of a matter that has never been litigated but which should have been presented in an earlier suit." *Townsend*, 516 F. App'x at 111 (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 (1984)).

### III.   DISCUSSION

The Court finds that Townsend's claims must be dismissed in their entirety with prejudice. In *Townsend V*, Judge Sheridan found that relitigation of Townsend's claims was barred under the doctrine of *res judicata* or claim preclusion because those claims centered on the same set of facts as *Townsend I*, despite the fact that the complaints in the two cases rested on several different legal bases. *Townsend V*, 2012 WL 3929391, at *1, n.1. Affirming the Court's decision in *Townsend V*, the Third Circuit explained:

> As the [d]istrict [c]ourt determined by comparing Townsend's amended complaint with his amended complaint in an earlier district court action, . . . Townsend presented allegations under the ADA, [the Family & Medical Leave Act], RA, and [New Jersey Law Against Discrimination] against [NJ Transit] that have already been litigated and decided. *See* Certification of Deputy Attorney General Atkinson at Exs. 2, 3, & 5. To the extent there are allegations in his amended complaint in this action that are not identical to those in the earlier action, they are matters that should have been presented in the earlier suit.

*Townsend*, 516 F. App'x at 111 (citing *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004)). Here, Townsend's instant action again rests on the same set of facts he has previously asserted.[5] To the extent there are allegations in his Amended Complaint in this action that are not identical

---

[5] (*Compare Townsend V* Compl., ECF No. 4-2 (Townsend alleging that "NJ Transit wrongfully terminated, discriminated, harassed and retaliated against [Townsend] while he was under doctor's care for work-related injuries"), *with* Am. Compl. ¶ 12 (Townsend alleging that he was "discriminated [against] by NJ Transit, wrongfully terminated, and retaliated against just because [Townsend] filed for a [w]orkers['] [c]ompensation claim").

to those in the (several) earlier actions, "they are matters that should have been presented in the earlier suit." *Id.* Thus, Townsend is precluded from relitigating these claims and therefore fails to state a claim upon which relief may be granted. The Court, accordingly, dismisses Townsend's action with prejudice. *See Townsend V*, 2012 WL 3929391, at *1 (dismissing Townsend's complaint with prejudice on *res judicata* grounds).

## IV.  CONCLUSION

The Court dismisses Townsend's Amended Complaint for failure to state a claim with prejudice. An appropriate order will follow.

*[signature]*

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE